## SARKADI v. WIMAN.

District Court, S. D. New York.
Jan. 13, 1942.

William Hamilton Osborne, of New York City, for plaintiff.

Cohen, Cole, Weiss & Wharton, of New York City (Sidney A. Wolff, of New York City, of counsel), for defendant.

SYMES, District Judge.

It seems to be the rule in this Circuit that the first question in a case of alleged literary larceny is whether there is any direct evidence of access by the defendant to the plaintiff's book. In the case at bar I find there is no such evidence. The most, and it's as far as the evidence goes, is that certain parties named were familiar with both plays and could have been the means through which defendant might have had access to the plaintiff's play; but there is absolutely no evidence that the latter was ever used in any way by defendants, or that the plaintiff's script was ever in the hands of the author of the defendant's play.

Plaintiff's counsel in order to sustain his point asks the Court to indulge in one presumption upon another and to speculate that, because there was possible access, there was actual access to the plaintiff's play. This we cannot indulge in. The proof does not support the burden the plaintiff must sustain and I so find.

Furthermore, the similarities in the script of both plays which I have examined show that in only one or two instances is there any actual similarity in scene or dialogue (and those instances are such that might innocently occur in any two plays) which discuss the old question that are the subject of both plays. That is: an angel coming to earth and taking on human attributes and discarding her heavenly or celestial attributes, an old and well known theme.

For these reasons the defendant's motion for directed verdict must be granted, and it is so ordered. Exceptions allowed.